

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

ERIC BATES; et al.,

       Plaintiffs-Appellants,

v.

ARNOLD SCHWARZENEGGER,
Former Governor of the State of
California; et al.,

       Defendants-Appellees.

No.   19-17094

D.C. No.
1:14-cv-02085-LJO-SAB

MEMORANDUM*

---

MARLON ALTAMIRANO; et al.,

       Plaintiffs-Appellants,

v.

ARNOLD SCHWARZENEGGER,
Former Governor of the State of
California; et al.,

       Defendants-Appellees.

No.   19-17099

D.C. No.
1:15-cv-00607-LJO-SAB

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| | |
|---|---|
| ANDREW ALANIZ; et al., | No. 19-17103 |
| Plaintiffs-Appellants, | D.C. No. 1:15-cv-01063-LJO-SAB |
| v. | |
| ARNOLD SCHWARZENEGGER, Former Governor of the State of California; et al., | |
| Defendants-Appellees. | |

| | |
|---|---|
| JOSE APARICIO; et al., | No. 19-17105 |
| Plaintiffs-Appellants, | D.C. No. 1:15-cv-01369-LJO-SAB |
| v. | |
| ARNOLD SCHWARZENEGGER, Former Governor of the State of California; et al., | |
| Defendants-Appellees. | |

| | |
|---|---|
| DEREK BIRGE; et al., | No. 19-17106 |
| Plaintiffs-Appellants, | D.C. No. 1:15-cv-01901-LJO-SAB |
| v. | |
| ARNOLD SCHWARZENEGGER, Former Governor of the State of California; et al., | |

2

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted November 19, 2020[**]
Pasadena, California

Before: LINN,[***] RAWLINSON, and HUNSAKER, Circuit Judges.

This consolidated appeal arises from civil rights complaints filed by Appellants-Plaintiffs California state prison inmates, under 42 U.S.C. § 1983, alleging that Appellees-Defendants state officials violated their right, under the Eighth Amendment, to be protected from heightened exposure to Valley Fever spores. The district court dismissed Plaintiffs' claims based on qualified immunity. We have jurisdiction under 28 U.S.C. § 1291, and review *de novo* dismissal based on qualified immunity under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Hines v. Youseff*, 914 F.3d 1218, 1227 (9th Cir. 2019).

Dismissal of Plaintiffs' claims against the state official defendants was proper because it would not have been clear to every reasonable official that

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard Linn, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

Plaintiffs' heightened exposure to Valley Fever was unlawful under the circumstances. *See id.* at 1229 (holding that there was no clearly established "right to be free from heightened exposure to Valley Fever spores").

Plaintiffs' argument that we may depart from our ruling in *Hines* is unavailing. A "later three-judge panel considering a case that is controlled by the rule announced in an earlier panel's opinion has no choice but to apply the earlier-adopted rule." *Hart v. Massanari*, 266 F.3d 1155, 1171-73 (9th Cir. 2001).

Plaintiffs' contention that the qualified immunity doctrine violates the separation of powers doctrine or violates due process is unavailing. Circuit courts must follow Supreme Court precedent. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) (explaining that "lower courts [are] bound . . . by the holdings of higher courts' decisions"). The Supreme Court has repeatedly, including very recently, reaffirmed and applied the doctrine of qualified immunity. *See e.g.*, *Taylor v. Riojas*, No. 19-1261, __ S.Ct. __, 2020 WL 6385693 at *1 (Nov. 2, 2020) (per curiam); *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (per curiam). Thus, we also apply the doctrine here.

**AFFIRMED.**